IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC TROUTT, )
)
        **Plaintiff,** )
)
vs. ) CIVIL NO. 08-cv-428-DRH
)
FRANKLIN-WILLIAMSON HUMAN )
SERVICES, INC., et al., )
)
        **Defendants.** )

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge**:

    Plaintiff, a federal prisoner confined at a halfway house in Marion, Illinois, operated by the Franklin-Williamson Human Services, Inc, (FWHS), brings this action for alleged deprivations of his federal statutory and constitutional rights. Plaintiff seeks declaratory, injunctive, and monetary relief against FWHS, the United States of America, and the Federal Bureau of Prisons (BOP).[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Title 28 U.S.C. § 1915A provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief

---

[1] In his original complaint (Doc. 1) Plaintiff also sought relief against Susan Smothers and Victor Vega. Shortly after filing his original complaint, however, Plaintiff filed an amended complaint (Doc. 5). The amended complaint dropped Plaintiff's claims against Smothers and Vega. Plaintiff's amended complaint replaces and supercedes all prior complaints and amendments. *See Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.[2] An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and the supporting exhibits, the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

**THE COMPLAINT**

Plaintiff alleges that in May 2008, he was transferred from the United States Penitentiary located in Terre Haute, Indiana (USP-Terre Haute), to the FWHS halfway house in Marion, Illinois. Plaintiff challenges several of the conditions of his confinement at the halfway house including: restrictions on his right to freely practice his religion; having to pay for medical treatment; denial of adequate medical care; and a lack of due process in connection with disciplinary actions. Additionally, Plaintiff asserts that he is "currently disabled" and was initially informed that he would receive an exemption from a requirement to obtain employment and pay 25% of his earnings to the halfway house. Plaintiff claims, however, that he was subsequently informed that the halfway house does not accept those with disabilities and that every resident must work and make payments to the halfway house or be returned to prison. Plaintiff asserts that by requiring him to work - in spite of

---

[2]Like § 1915A, § 1915(e)(2) directs the Court to dismiss a complaint filed *in forma pauperis* if the case is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from monetary relief. 28 U.S.C. § 1915(e)(2).

his disability - the halfway house is in violation of the Americans with Disabilities Act (ADA).

**DISCUSSION**

Title 42 U.S.C. § 1997e provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Federal prisoners - including prisoners confined at a Contract Community Corrections Centers(i.e., a halfway house) - must raise grievances through the Bureau of Prisons' ("BOP") Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10, *et seq.* The procedure requires the sequential filing of four forms. First, an inmate must file a form called a BP-8 with the prison staff. If the inmate is dissatisfied with the response he receives, he must file a BP-9 seeking administrative review with the warden. *See* 28 C.F.R. §§ 542.14(a). If the inmate is dissatisfied with the warden's resolution of his grievance, he has twenty days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. §§ 542.15(a). If the inmate is dissatisfied with the regional director's disposition, his fourth and final appeal must be made to the Bureau of Prisons' general counsel by filing a BP-11 within thirty days. *See id.*

The Court recognizes that failure to exhaust administrative remedies is an affirmative defense. However, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Such is the case here: Plaintiff was transferred to the halfway house on May 8, 2008, and commenced the instant action on June 11, 2008. Plaintiff admits that his grievances are still pending before the

3

halfway house. Clearly, Plaintiff has not exhausted the four-part administrative process before commencing this action. Therefore, Plaintiff's complaint should be dismissed for failing to exhaust his administrative remedies.

Even if Plaintiff had properly exhausted his remedies, the Court notes that 42 U.S.C. § 1983 applies only to persons acting under color of state law not - as here - to persons or agencies acting under color of federal law. Although an individual federal agent may be held liable for damages for his unconstitutional conduct, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), neither federal agencies nor private corporations operating under color of federal law are liable for damages for unconstitutional conduct. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66-74 (2001) (refusing to extend *Bivens* to private corporation acting under color of federal law); *FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994) (refusing to extend *Bivens* to federal agencies).

Additionally, the federal government and federal agencies are excluded from liability under Title II of the ADA. *See Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2nd Cir. 2000) (federal agency not liable under Title II of the ADA).

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under §§ 1915(e)(2) and 1915A. Accordingly, this action is **DISMISSED** without prejudice to Plaintiff filing a new lawsuit, but only after he has exhausted his administrative remedies.

The Clerk shall **CLOSE THIS CASE**. All pending motions are now **DENIED** as moot.

**DATED:** March 11, 2009.

/s/     DavidRHerndon
**DISTRICT JUDGE**